\*\*\*   NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER   \*\*\*

**Electronically Filed
Supreme Court
SCWC-12-0001072
01-APR-2016
10:12 AM**

SCWC-12-0001072

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

_____

STATE OF HAWAIʻI,
Respondent/Plaintiff-Appellee,

vs.

KEVIN K.T. GUARD,
Petitioner/Defendant-Appellant.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-12-0001072; CASE NO. 1DTA-11-05472)

SUMMARY DISPOSITION ORDER
(By: McKenna, Pollack, and Wilson, JJ.,
with Wilson, J., concurring separately,
and Nakayama, J., dissenting,
with whom Recktenwald, C.J., joins)

Petitioner/Defendant-Appellant Kevin K.T. Guard seeks review of the Intermediate Court of Appeals' (ICA) July 2, 2015 Judgment on Appeal, entered pursuant to its May 29, 2015 Summary Disposition Order, which affirmed the District Court of the First Circuit's (district court) Notice of Entry of Judgment

and/or Order and Plea/Judgment entered on November 15, 2012.[1]

The district court found Guard guilty of Operating a Vehicle

Under the Influence of an Intoxicant (OVUII), in violation of

Hawai'i Revised Statutes (HRS) § 291E-61(a)(3) (Supp. 2012).[2] We

accepted Guard's Application for Writ of Certiorari, and we now

vacate the ICA's Judgment on Appeal and the district court's

Judgment and remand the case to the district court for further

proceedings.

After being arrested for OVUII, Guard was taken to the

police station, where he was read an implied consent form.[3]

---

[1] The Honorable David W. Lo presided.

[2] HRS § 291E-61(a)(3) provides in relevant part:

(a) A person commits the offense of operating a vehicle
under the influence of an intoxicant if the person operates
or assumes actual physical control of a vehicle:

. . .

(3) With .08 or more grams of alcohol per two
hundred ten liters of breath. . . .

[3] The form, titled "Use of Intoxicants While Operating a Vehicle
Implied Consent for Testing," stated in relevant part:

1. ___ Any person who operates a vehicle upon a public
way, street, road, or highway or on or in the waters of the
State shall be deemed to have given consent to a test or
tests for the purpose of determining alcohol concentration
or drug content of the persons [sic] breath, blood, or
urine as applicable.

2. ___ You are not entitled to an attorney before you
submit to any tests or tests to determine your alcohol
and/or drug content.

3. ___ You may refuse to submit to a breath or blood test,
or both for the purpose of determining alcohol
concentration and/or blood or urine test, or both for the
purpose of determining drug content, none shall be given,

Guard elected to take a breath test, which resulted in a breath alcohol content reading of 0.184 grams of alcohol per 210 liters of breath.  In his motion to suppress the breath test results before the district court and on certiorari, Guard contends that (1) he was subject to custodial interrogation and should have been informed of his Miranda rights guaranteed by Article I, Section 10 of the Hawai'i Constitution; (2) his statutory right to an attorney was violated; and (3) the wording of the implied consent form misinformed Guard of the sanctions.[4]

In State v. Won, 136 Hawai'i 292, 312, 361 P.3d 1195, 1215 (2015), we held that "coercion engendered by the Implied Consent Form runs afoul of the constitutional mandate that waiver of a constitutional right may only be the result of a free and unconstrained choice," and, thus, a defendant's decision to submit to testing after being read the implied consent form "is invalid as a waiver of his right not to be searched."  In accordance with Won, the result of Guard's breath test was the product of a warrantless search, and the ICA erred

---

> except as provided in section 291E-21.  However, if you refuse to submit to a breath, blood, or urine test, you shall be subject to up to thirty days imprisonment and/or fine up to $1,000 or the sanctions of 291E-65, if applicable.  In addition, you shall also be subject to the procedures and sanctions under chapter 291E, part III.

[4]     Included in this third argument raised before the district court, Guard contended that the police officers' warnings and advisements based on the implied consent form were coercive and Guard did not make a knowing and intelligent decision to submit to breath alcohol testing.  The district court denied his motion to suppress, and the ICA affirmed the district court's ruling.

by concluding that the district court properly denied Guard's motion to suppress the breath test result.  Accordingly, Guard's OVUII conviction cannot be upheld.

IT IS HEREBY ORDERED that the ICA's July 2, 2015 Judgment on Appeal and the district court's Judgment are vacated, and the case is remanded to the district court for further proceedings consistent with this court's opinion in Won.

DATED:  Honolulu, Hawai'i, April 1, 2016.

| | |
|---|---|
| Jonathan Burge<br>for petitioner | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| Brian R. Vincent<br>For respondent | /s/ Michael D. Wilson |
| | |
| Robert T. Nakatsuji<br>For *amicus curiae*<br>Attorney General of the<br>State of Hawai'i | |

